IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               Case No.: 1:21-cr-459-CRC-1
                                                                   Division: Criminal

ANDREW W. GRISWOLD,

    Defendant.
_____/

**Defendant Andrew Griswold's**
<u>**Sentencing Memorandum**</u>

    **COMES NOW** the Defendant, ANDREW W. GRISWOLD, and files his Sentencing Memorandum with the Court. Included as Attachments are several letters of reference:

1. Andrew Griswold is charged via criminal information with Civil Disorder under 18 USC §231(a)(3). He has plead and is presently set for in person sentencing before the Court on July 13, 2022.

2. Respectfully, Mr. Griswold wishes for the Court to consider he presently cares for five young children, 3 of whom he is the direct sole provider and 2 he is a shared provider.

3. If Mr. Griswold is sentenced to prison, Mr. Griswold being the sole provider for 3 children and the partial provider for 2, it will pose a very

significant financial hardship for his present wife, who is a stay at home mom.  Additionally, his ex-wife relies on the child support payments Mr. Griswold has been timely providing.

4. Mr. Griswold respectfully requests that the loss of caretaking and financial support for Mr. Griswold's children be balanced with the need for incarceration in this case.  An incarcerative period, and the attendant loss of income to his dependents and family, will substantially increase the impact ordinarily incident to incarceration.

5. While Mr. Griswold understands that a departure is not required to reach, or perhaps not even ripe in his particular circumstance, to obtain non-prison sentence under the present Guideline's Range (0-6 months) articulated in his PSIR, Mr. Griswold wishes for the Court to consider as illustrative the commentary to *Federal Sentencing Guideline 5H1.6*, <u>Family Ties and Responsibilities</u>  because family financial hardships, as contemplated by the Guidelines, may bear on the calculus of a prison versus non-prison sentence.  The commentary to this section outlines the reasons the Court may, in the appropriate circumstance, be allowed to depart based on family financial hardship issues.

6. Mr. Griswold also wishes for the Court to consider that he is a small business owner and sole proprietor.  He employs 2 persons in his flooring

installation business, one full-time and one part-time. He is the sole employer of these individuals. He is also the lone generator of the contracts and leads for his work projects. If he is incarcerated, his business will shut down for any period of incarceration, impacting his and employees' and their family's income.

7. Further, Mr. Griswold's plea to the charge will narrow business opportunities for bidding on contracts on the several military bases in our geographic region. While he currently has no active contracts with, or on, military bases, he has in the past. Now that he is has a felony conviction, this potential revenue stream is extremely limited or eliminated. This impact is a form of consequence/punishment he will face moving forward in his career as a result of his plea and conviction on the instant charge.

8. Mr. Griswold wishes for the Court to consider the letters of reference and support that he has attached as composite Exhibit "A" to this Memorandum. Attached are letters from:
    a. Mario DeVito and Renee Cudvat
    b. Jacob Shelton
    c. Emily Hansen
    d. Blair Jadwin

    e. Sonya Carter

    f. Michael Behnke and Kimberly Modlin

    g. William S. Hart

    h. Brandon Cyr

    i. Melanie Hannon

    j. Matthew Hannon

9. Mr. Griswold has previously submitted his statement of allocution to the Court via his written document to the US Probation Office, reflected in the PSIR. [doc 48, paragraph 35].

WHEREFORE, Mr. Griswold humbly reiterates his remorse and acceptance of responsibility for his actions and requests this Court to consider crafting a sentence that meets the needs of justice in a manner that does not require him to serve a period of incarceration for the reasons stated above.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all attorneys of record in the above captioned case by service through the ECF Filing Portal on July 5, 2022.

/es/ *J. Christopher Klotz*
J. Christopher Klotz
Stevenson Klotz, LLP
Florida Bar No. 47060
510 E. Zaragoza Street
Pensacola, FL  32502
(850) 444-0000
(866) 251-7888 – Facsimile
chris@stevensonklotz.com
servicejck@stevensonklotz.com
Attorney for Defendant